Good morning, your honors, and may it please the court. My name is Matthew Robinson. On behalf of the appellant, Angelo Davis, I'd like to thank this court for the opportunity to argue before it. Mr. Davis is a convicted bank robber, several counts of bank robbery, including a couple counts of 924C for using use and possession of a weapon in furtherance of a violent felony. As a result of this, he is serving a sentence of 867 months. This, by the way, is the second time we've been before the Ninth Circuit, the first time he was remanded for a new sentencing, and this appeal is of the reasonableness of that sentence. Well, the last time you were here, we issued a remand order, which was a limited remand for two purposes, to strike the sentence as well as the conviction as to count 4, and to allow the district court to determine whether the sentence imposed would have been materially different had the district court known that the guidelines were different. And that was the only two issues on which we remanded for district court action. That is correct. And we would say that the scope of that remand, though, in light of Booker and in light of the sentencing mandate under 3553A, would require the court to consider not just, yes, the question of whether the sentence would be material or materially different in light of Booker is important, but it requires the court, in our view, to reopen the entire sentencing package and address. We didn't say the entire package could be reopened. We said the court should strike count 4 and tell us whether what we normally do in these types of remands, and what we normally did under the Ameline remand, is ask a simple question. Would your sentence have been different if you'd known that it was advisory instead of mandatory? Why do you have to be so difficult about those two acts? Well, one is just to strike a sentence, and the other is to say, did you do it differently if you thought it was advisory? I understand Your Honor's point. However, I think that question of whether you would do it differently in light of Booker requires the district court to look at many different factors, not just the guidelines. Obviously, when Mr. Davis was sentenced the first time, the guidelines were mandatory at the time. When he comes back for a remand, it was in light of Booker and the vacating of the counting conviction. So is it your position that an Ameline remand basically kicks it back to the district court to re-sentence under the regime that the Supreme Court has now instituted for the original sentencing? That would be our position. So it would all have to be on the record, and I'll have to have a new pre-sentence report and all of that gone through? Is that what your position is? I believe it depends on the case, but yes. I think that, especially in light of the fact that counsel... So why didn't we just simply remand for re-sentencing in accordance with Booker? Instead of saying, would you why would we bother asking the question? Well, I'm confused by the question myself, so forgive me, but... The question I posed or the Ameline? Well, yes, because one of the reasons I'm confused is because I'm not sure what the answer is. The answer could be, look, I saw this guy. I knew what he did. I sentenced him. Sure, the guidelines were mandatory, but I went through all of that, and it would not have made a width's difference to me if I'd known these were advisory. So it wasn't clear on the record when I sentenced him. Some of the district judges were saying, look, even if I weren't bound by the guidelines, I'd give the same sentence. So those didn't get an Ameline remand. The ones that did were the ones where we couldn't tell from the record whether or not the district court would do it. So we made, on the Ameline, was a pretty clear direction that this was less than an open mandate to go back and just have to re-sentence, otherwise we could have simply said, you know, Booker's come along, you have to redo it all. I understand the point. However, part of this issue, and I know the courts have been dealing with this rapidly since 2000, you know, with the state of federal sentencing law, when you go back to a re-sentencing, and the reality of the situation is that when you go to a re-sentencing, some courts would address some of these issues and some would not. It depends on the district court judge and particularly how they articulated their beliefs as to why the sentence is reasonable. Of course. I think part of the remand process, I think, and what Booker and then Cunningham later and then Rita and then now Kimber and Gall, all of these cases demonstrate that, you know, the Supreme Court is saying, district court judges, we would like you to articulate reasons under 3553A. So under your theory, then it was okay for the district court to reopen everything and increase the sentence. It could have increased the sentence. Yes. It's the sixth level and that's just fine. What's good for the goose is good for the gander. All he had to do was say, I've looked at all of the factors and this is the sentence I now impose, including a sixth level enhancement. Yes. And I think not only does the district court have to say, I've looked at all of the factors, I think that would be expedient. Unfortunately, the Supreme Court has not allowed things to be expedient, I don't believe. And fortunately for me as a defense counsel, I can argue these points. But now the courts are saying you need to articulate reasons, especially if counsel or if the defendant is bringing up arguments that says, this is why this sentence is unreasonable under the circumstance of this case. And not to continue beating a dead horse here, I guess, with regard to the specific sentencing objections that were decided once and then counsel asked them to be decided again at the resentencing. But there's a particular issue with regard to the disparity in sentencing, which I think is compelling, just because of the facts. You have several, several co-defendants. This was just not Mr. Davis involved. There's many, many individuals involved in many, many bank robberies. And the sentences for these individuals, who most of whom the difference is they didn't go to trial, they pled guilty and received favorable plea agreements, which is good for them. However, when viewed in light of the conduct proved in this case for Mr. Davis, it demonstrates that his sentence of 867 months in this case is unreasonable. Can I ask you a question, a factual question? Remind me, did he get the sentence that ultimately came out on remand, was it greater, lesser, the same as the original sentence? It was lesser. What happened was they remanded or they vacated a count of conviction, which carried a consecutive sentence, and then they applied a six-level enhancement. Six-level enhancement. Yes. Similar to our... No, I understand. But the point here is that counsel did make the overreaching point of resentencing and argument on resentencing was that what sentence fulfills a sentencing mandate? What is a sentence that is sufficient to achieve the goals of sentencing? And counsel made an argument based partially on this disparity in sentencing that 45 years, certainly, which is the mandatory minimum sentence in this case, given the consecutive weapon offense, punishments for the weapon counts, the question becomes why isn't that sentence sufficient to achieve the goals of sentencing, especially in light of the fact you have other individuals who, their roles were more egregious, the individuals actually went into the bank, the banks, carried guns, threatened patrons, carried out violent acts, those individuals received substantially lesser sentences than what Mr. Davis had received. And some of those defendants actually went to trial as well. If I may, I would like to allow the remaining one minute for a rebuttal unless there's other questions. Thank you. Good morning, Your Honors. My name is William Wong, Assistant U.S. Attorney from the Eastern District and I represent the United States. The record below clearly shows that Judge Damrell knew that he must consider the 3553 factors in resentencing the defendant. The limited remand here required the court to modify the sentence because count four had been reversed. The court did so, and in doing so and recalculating count three in light of the dismissal of count four, calculated to add a six-level increase for the otherwise using of firearm in the commission of the robbery. Go ahead. It was your mandate. I don't understand why you think that striking count four authorized the judge to increase the sentence on count three. Well, the court is required to calculate the sentence on the guidelines. The guidelines require a consideration of the six-level if there is no 924C1 enhancement. Since this 924C1 enhancement was reversed by this court, the court then must consider the other aspect and that is the defendant was That's not what the remand said. The remand said, didn't say reconsider count three and increase the sentence on that if you want. It may have not have been a brilliant remand, but it was very clear. It said strike count four and then tell us whether you would have imposed the rest of the sentence if you had known it was advisory. It didn't say anything about apply the other guidelines to count three all over again. Maybe it should have, but it didn't. Well, that's correct. It should have said that. It didn't say that. The court did say that considering the 3553 factors, considering the fact that the same sentence on the other remaining counts. So, therefore, the court did take the The court said it would have imposed the same sentence if it had thought it was advisory. Right. And the court did say that. It said that on at the very beginning on page one of the sentencing hearing. And in doing so, it actually inured to the benefit of the defendant by reconsidering and recalculating count three. The sentence went from 968 months down to 867 months. But if it hadn't changed count three, what would the sentence have been? It would have been approximately, I don't know exactly, Your Honor, I don't want to say it, but I think it's approximately somewhere around 80, 68 to 80 months. I would have to recalculate that time. But it would have been less than the 867 months that the court did impose. But so the court imposed a higher sentence by recalculating count three. And how do you find the authority in the limited remand to increase the sentence on other counts? The court believed it had the authority as required by the guidelines to consider the dismissal of count four and to consider the fact that a gun was used in that commission, because under Well, my question is, I understand the court thought that. I'm asking where you find in our limited remand the authority to recompute count three or two or one. I believe that the court read the limited remand as implying a requirement to That's what the court did. That's why we're up here. Right. The court read it that way. And I'm asking you, where in the words of our remand do you find any such authority? Well, the only way I would read it, Your Honor, is the fact the court says that this count four is dismissed and the sentence must be modified in that light. And that's where I believe the court believed that it had to do that. It would be nice if it said, and the count is modified in that light. It says modify the judgment to strike the sentence as to count four. Well, it doesn't fall under that, does it? Correct. And to allow the district court to determine whether the sentence, and this is a fairly standard Ameline thing, whether the sentence would have been mutually different or materially different had the court known that the guidelines were advisory. It doesn't fall under that, does it? That's correct, Your Honor. So it doesn't fall under the two specific reasons that we remanded and the two specific grants of authority? That is correct. So if you struck count four and the sentence attached to count four and that's all you did, how would that sentence compare with the sentence that was actually imposed? As I indicated, it would be a lower sentence. I would have to get the guidelines and calculate that, but I believe it's somewhere around 68 to 80 months. Okay. How many months? I said 68 to 80. I'm not sure, Your Honor. You know, I always consider it regrettable and have tried to say so with my opinions that the government calculates in months. These are years. Months is just a euphemism. How many years would it have been? Between five and seven years, somewhere in there, Your Honor. Instead of what? What is it now? The sentence now is 867 months. And how many years is that? It's over 20, isn't it? Yes. It's about, I believe it's substantially over 20. It's 40-something, maybe 60-some years. So what you're telling, Judge Nerman, is if the district court had enforced the two provisions in the limited remand and done nothing more, the sentence would have been about five to six years, and because it added another function that it thought would be helpful, the sentence is substantially longer. That's correct. Okay. But I believe that the court did the right thing. It calculated the guidelines as the commission had enacted, and so it followed the guidance strictly. If it had the authority to do what defense counsel suggested in his argument, to go back and redo everything and whatever it wanted, that would have been, he would have ended up that way. Well, Your Honor, I don't If the court had given, had we just remanded it and said, reimpose whatever sentence you believe the guidelines require, then that's what he would have done, no doubt. Right. I think it's a double-edged sword for the defense. The court can actually enact the original sentence of 968 months if it conducted a total resentencing on this case. That's right. That's what Judge Fischer pointed out in the question. Or even higher. Yeah, it could have been even higher. But we didn't give him that authority for reasons that may not be clear to everybody, but for whatever reason, the panel decided that this was going to be a strictly limited remand, that the judge couldn't look at the guidelines all over again and impose whatever sentence the guidelines would suggest. We could have done that, and we didn't. That's correct, Your Honor. Any further questions? No further questions. Thank you. Maybe you'd like to sit down. In other words, it's our mess. You're not going to make it worse. Your Honor, just real quick points. I looked to try to figure out what the difference was. I know that Ms. Weston did state on the record what the difference in time was with that safe level enhancement, but that's precisely the point that I was making in our brief, was that the fact that the proof that, in this case, at least the court considered this more than just a remand as it had been written and considered exclusively the enhancement under the guidelines to the exclusion of other 3553A factors. And because of that, there's just an inherent problem here. It's either all or nothing. You can't just come back and go for a resentencing with a new count dismissed and then recalculate a new sentence without considering the 3553A factors. And with all due respect to the remand that was given, because it was a good opportunity for Mr. Davis, obviously. But in this case, the way it operated was the court treated it still, despite the fact the court stated it was considering these 3553A factors, just stated, it operated to use the guidelines as a primary basis to the exclusion of the other 3553A factors, and the court didn't explain why these other factors didn't take it. The court didn't have the authority to resentence in general. It doesn't matter how badly it did it. Thank you, counsel. Thank you very much, Your Honor. Thank you, Mr. Davis. Next case for argument is Lara Rivas v. Mukasey.
judges: Reinhardt, Noonan, Fisher